Sam Meziani (9821)
Bret W. Reich (9542)
Emily Wegener (12275)
**PACIFICORP**
1407 West North Temple, Suite 320
Salt Lake City, UT 84116
Telephone: (801) 220-4565
sam.meziani@pacificorp.com
bret.reich@pacificorp.com
emily.wegener@pacificorp.com

*Attorneys for Defendant PacifiCorp*

---

### IN THE FIRST JUDICIAL DISTRICT COURT, STATE OF UTAH
### BOX ELDER COUNTY, BRIGHAM CITY DEPARTMENT

| | |
|---|---|
| COOPER BACON, <br><br>     Plaintiff, <br><br> v. <br><br> ROCKY MOUNTAIN POWER, UTAH DEPARTMENT OF TRANSPORTATION; UTAH DEPARTMENT OF NATURAL RESOURCES; UTAH STATE PARKS AND RECREATION DIVISION; and JOHN DOES I-V, <br><br>     Defendants. | **ANSWER** <br><br> Civil No. 160100130 MI <br><br> Judge Brandon Maynard |

Rocky Mountain Power, a division of PacifiCorp, through counsel, answers Plaintiff's

Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Rocky Mountain Power upon which relief

can be granted.

## **SECOND DEFENSE**

Rocky Mountain Power responds to the numbered allegations of the Complaint as follows:

1. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to allegations in Paragraph 1 and therefore denies the same.

2. Admit.

3. This paragraph is not directed to Rocky Mountain Power, so Rocky Mountain Power is not obligated to respond to it.  To the extent Rocky Mountain Power is obligated to respond to it, Rocky Mountain Power denies it for lack of knowledge.

4. This paragraph is not directed to Rocky Mountain Power, so Rocky Mountain Power is not obligated to respond to it.  To the extent Rocky Mountain Power is obligated to respond to it, Rocky Mountain Power denies it for lack of knowledge.

5. This paragraph is not directed to Rocky Mountain Power, so Rocky Mountain Power is not obligated to respond to it.  To the extent Rocky Mountain Power is obligated to respond to it, Rocky Mountain Power denies it for lack of knowledge.

6. Rocky Mountain Power admits jurisdiction is proper in this Court.

7. Rocky Mountain Power admits jurisdiction is proper in this Court.

8. This paragraph is not directed to Rocky Mountain Power, so Rocky Mountain Power is not obligated to respond to it.  To the extent Rocky Mountain Power is obligated to respond to it, Rocky Mountain Power denies it for lack of knowledge.

9. Rocky Mountain Power admits venue is proper.

10. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 10 and therefore denies the same.

11. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 11 and therefore denies the same.

12. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 12 and therefore denies the same.

13. Paragraph 13 contains an allegation to which no response is required.  To the extent a response is required, it is denied.

14. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 14 and therefore denies the same.

15. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 15 and therefore denies the same.

16. Paragraph 16 contains an allegation to which no response is required.  To the extent a response is required, it is denied.

17. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 17 and therefore denies the same.

18. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 18 and therefore denies the same.

19. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 19 and therefore denies the same.

20. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 20 and therefore denies the same.

21. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 21 and therefore denies the same.

22. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 22 and therefore denies the same.

23. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 23 and therefore denies the same.

24. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 24 and therefore denies the same.

25. Rocky Mountain Power hereby incorporates its previous responses as if fully set forth herein.

26. Rocky Mountain Power admits it provides electrical power to its residential customers in Utah pursuant to electric rates and electric service regulations as set forth in its Tariff as authorized by the Utah Public Service Commission. PacifiCorp denies the remaining facts as alleged in Paragraph 26.

27. Rocky Mountain Power admits it provides electrical power to its residential customers in Utah pursuant to electric rates and electric service regulations as set forth in its Tariff as authorized by the Utah Public Service Commission. PacifiCorp denies the remaining facts as alleged in Paragraph 27.

28. Rocky Mountain Power admits it provides electrical power to its residential customers in Utah pursuant to electric rates and electric service regulations as set forth in its Tariff as authorized by the Utah Public Service Commission. PacifiCorp denies the remaining facts as alleged in Paragraph 28.

29. Deny.

30. Deny.

31. Rocky Mountain Power hereby incorporates its previous responses as if fully set forth herein.

32. Deny.

33. Rocky Mountain Power admits it provides electrical power to its residential customers in Utah pursuant to electric rates and electric service regulations as set forth in its Tariff as authorized by the Utah Public Service Commission.  PacifiCorp denies the remaining facts as alleged in Paragraph 33.

34. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 34 and therefore denies the same.

35. Denied as to Rocky Mountain Power. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the remainder of the allegations in Paragraph 35 and therefore denies the same.

36. Rocky Mountain Power hereby incorporates its previous responses as if fully set forth herein.

37. Deny.

38. Rocky Mountain Power lacks sufficient knowledge and information upon which to form a belief as to the allegations in Paragraph 38 and therefore denies the same.

39. Deny.

40. Deny.

41. Rocky Mountain Power hereby incorporates its previous responses as if fully set forth herein.

42. This paragraph is not directed to Rocky Mountain Power, so Rocky Mountain Power is not obligated to respond to it.  To the extent Rocky Mountain Power is obligated to respond to it, Rocky Mountain Power denies it for lack of knowledge.

43. This paragraph is not directed to Rocky Mountain Power, so Rocky Mountain Power is not obligated to respond to it.  To the extent Rocky Mountain Power is obligated to respond to it, Rocky Mountain Power denies it for lack of knowledge.

44. This paragraph is not directed to Rocky Mountain Power, so Rocky Mountain Power is not obligated to respond to it.  To the extent Rocky Mountain Power is obligated to respond to it, Rocky Mountain Power denies it for lack of knowledge.

45. This paragraph is not directed to Rocky Mountain Power, so Rocky Mountain Power is not obligated to respond to it.  To the extent Rocky Mountain Power is obligated to respond to it, Rocky Mountain Power denies it for lack of knowledge.

46. This paragraph is not directed to Rocky Mountain Power, so Rocky Mountain Power is not obligated to respond to it.  To the extent Rocky Mountain Power is obligated to respond to it, Rocky Mountain Power denies it for lack of knowledge.

## <u>THIRD DEFENSE</u>

Rocky Mountain Power denies each and every allegation of Plaintiff's Complaint not expressly admitted, qualified, or denied.

## FOURTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred by his own negligence or were caused by the negligence of defendants and/or third parties unrelated to any acts or omissions by Rocky Mountain Power

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he may have failed to mitigate his alleged damages.

## SEVENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because he voluntarily undertook the risk that led to the alleged accident and injuries.

## EIGHTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because his damages, if any, were caused by his own negligence and not the negligence of Rocky Mountain Power. Plaintiff's fault exceeds or equals the fault of Rocky Mountain Power, and Plaintiff's negligence claims are therefore barred by Utah Code Ann. § 78B-5-818(2).

## NINTH DEFENSE

Rocky Mountain Power's liability, if any, is limited to the percentage or proportion of the damages equivalent to the percentage or proportion of fault attributable to it in accordance with Utah Code Ann. §§ 78B-5-817-823, and the fault of all persons or parties who caused or contributed to any alleged injuries and/or damages should be apportioned.

**TENTH DEFENSE**

Rocky Mountain Power may have further additional affirmative defenses which are not yet known but which may become known through future discovery.  Rocky Mountain Power asserts each and every affirmative defense as it may be ascertained through future discovery and reserves the right to amend this Answer.

**WHEREFORE**, Rocky Mountain Power requests that:

1.  Plaintiff's Complaint be dismissed as against Rocky Mountain Power with prejudice and Plaintiff take nothing thereby;

2.  Rocky Mountain Power be awarded its attorney fees and costs; and

3.  For such other relief as the Court deems just and equitable.


DATED:  November 10, 2016.


PACIFICORP


/s/ Sam Meziani
Sam Meziani
Bret Reich
Emily Wegener
*Attorneys for Defendant PacifiCorp*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2016, I caused an **ANSWER** to be served upon the

following by email and U.S. Mail:

           Emily A. Swenson
           EMILY A. SWENSON, P.C.
           2661 Washington Blvd., Suite 103
           Ogden, UT 84401
           easwensonatty@gmail.com
           Attorney for Plaintiff

                       PACIFICORP


                       /s/ Sam Meziani
                       Sam Meziani
                       Bret Reich
                       Emily Wegener
                       *Attorneys for Defendant PacifiCorp*