IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COOPER BACON,<br><br>Plaintiff,<br><br>v.<br><br>ROCKY MOUNTAIN POWER, a division of PacifiCorp, and Oregon Corporation; and JOHN DOES I-V,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:17-CV-4-DB<br><br>Judge Dee V. Benson |

Before the Court is Plaintiff's Motion for Leave to Add Parties and to Remand. [Dkt. 22]. The motion has been fully briefed and a hearing was held on January 31, 2018. At the hearing, Plaintiff was represented by Emily Swenson and Edwin Wall. Defendant was represented by Sam Meziani and Emily Wegener. Based on the written and oral arguments of the parties and the relevant facts and the law, the Court enters the following Memorandum Decision and Order.

Plaintiff filed this action in state court on September 5, 2016. The Complaint alleges Plaintiff was called to tow a motorhome that had broken down on a road at Willard Bay State Park on July 7, 2014. [Dkt. 2 at 12-13]. The motorhome was located under high voltage transmission lines owned by Rocky Mountain Power. *Id*. Plaintiff alleges he was injured by

1

"stray voltage" when he was trying to disconnect the motorhome's driveline. *Id*. at 15. Plaintiff contends Rocky Mountain Power breached its duties of care by failing to maintain or keep the area safe and allowed a stray electrical discharge to happen and/or allowed a condition to mount which caused an electrostatic discharge to happen." *Id*. at 29. Originally, Plaintiff also named as defendants the Utah Department of Transportation, Utah Department of Natural Resources and Utah State Parks (collectively "the State Defendants") and alleged they breached duties of care "by failing to install the road so as to avoid serious risks resulting from stray current, failing to comply with guidelines and regulations relative to distances from power lines and/or by failing to warn users of the road regarding the risks of electrocution or stray current present on the road." *Id*. at 45. Pursuant to stipulation of the parties, the State Defendants were dismissed with prejudice because Plaintiff had not timely filed suit against them under the Utah Governmental Immunity Act. With the dismissal of the State Defendants, there was complete diversity and on January 5, 2017, Rocky Mountain Power filed a Notice of Removal to this Court.

The Court entered a Scheduling Order on April 3, 2017. Dkt. 12. The Scheduling Order was amended by stipulation of the parties on September 6, 2017. Under both scheduling orders, the deadline to add additional parties was June 30, 2017.

Plaintiff served Defendant with his Initial Disclosures on December 14, 2016. Plaintiff's Initial Disclosures contain a Department of Natural Resources report that identified Eric Brown as the driver of the motorhome. Dkt. 25 at 9. The report lists Mr. Brown's full name and address. Rocky Mountain Power served Plaintiff with its Initial Disclosures on March 23, 2017 which also identify the Browns, their address and telephone number. In addition, Defendant

provided summaries of the subject matter of the Browns' knowledge, including about electrical shocks associated with the motorhome:

> Mr. Brown is the owner of the 1993 Ford motor motorhome that Mr. Bacon towed on July 7, 2014. Mr. Brown has knowledge of the mechanical problems of the motorhome, the need for a tow, conversations with Mr. Bacon, electrical shock, observations of other witnesses, and other relevant facts and circumstances.

> Mr. Brown is the owner of the 1993 Ford motor motorhome that Mr. Bacon towed on July 7, 2014. Mr. Brown has knowledge of the mechanical problems of the motorhome, the need for a tow, conversation with Mr. Bacon between Mr. Bacon and Mr. Powell, electrical shocks, observations of their witnesses, and other relevant facts and circumstances.

On May 15, 2017, in response to Rocky Mountain Power's discovery requests, Plaintiff produced a photograph it had taken of the Browns' motorhome parked in the driveway of their home.

Plaintiff took Mr. Brown's deposition on September 8, 2017. During his deposition, Plaintiff's counsel contends she learned two critical facts. First, that Mr. Brown attempted to repair the motorhome himself on the day of the incident. Second, that he had been shocked when he was under the motorhome attempting to fix it before calling the towing company. Based on these facts, Plaintiff seeks leave to add Mr. and Mrs. Brown as additional defendants and add a cause of action against them for negligence based on negligent repair and failure to warn. Although the deadline to add parties was June 30, 2017, Plaintiff's counsel contends that she was not aware of the Browns' identity until "recently" and she argues she had no reason to assume they could be potential parties to this action until she took Mr. Brown's deposition.

It is a matter of the Court's discretion whether or not to allow joinder. *State Dist. v. Glenmore Distilleries Co.*, 738 F.3d 405, 416 (10th Cir. 1984). A party seeking to amend its

complaint after the time for amendment under the Court's scheduling order must demonstrate both: (1) good cause; and (2) when justice requires. *Gorsuch Limited B.C. v.Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1240 (10th Cir. 2014). The Court has the discretion to determine whether the moving party has established good cause. *Birch v. Polaris Industries, Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015). One of the factors a court considers in deciding whether to allow a party to join another is whether the plaintiff was dilatory in seeking to amend. *State Dist.*, 738 F.2d at 416. "[G]ood cause" requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts. *Moran v. Excel Capitalized Speciaty Ins., Co.*, 315 F.R.D. 676, 680 (D.Utah 2016). "Rule 16's good cause requirement may be satisfied for example if a plaintiff learns new information through discovery or if the underlying law has changed." "But, if the plaintiff knew of the underlying conduct but simply failed to raise the appropriate claims . . . the claims are barred." *Id*. "Good cause to amend does not exist where the party fails to bring an available claim due to an error of law or fact, a strategic decision, or mere oversight." *Id*.

Defendant contests Plaintiff's counsel's position that she "only recently obtained" the Browns' identities. It is undisputed that in November, 2014, nearly three years before filing the Complaint, Plaintiff's counsel obtained, as a result of a GRAMA request, the law enforcement report which identifies Mr. Brown and states his address. Plaintiff's counsel's own admissions show that she had sufficient information to hire a private investigator to find Mr. Brown's home and take a picture of the motorhome and its license plate in the driveway prior to December 14, 2016. Plaintiff had the same information Defendant had and Defendant was able to locate and speak with Mr. Brown. Additionally, Plaintiff had Defendant's Initial Disclosures in March,

2017, which identify "electrical shocks" as a subject Mr. Brown had knowledge of in this matter. Plaintiffs' counsel admits that she "knew that Mr. Brown had been towed twice, that he had observed sparks sometime around the time Plaintiff was injured . . . and that he was the owner of the vehicle."

The facts show that Plaintiff knew of the Browns for nearly three years, had ample opportunity to investigate and name them as defendants. While Plaintiff's counsel did not know all of what Mr. Brown said in his deposition, in particular that he had attempted to repair the motorhome himself earlier that day or that he had been shocked by it, the Court finds that with due diligence, Plaintiff's counsel could have discovered these additional facts before the deadline to add parties.

The Court finds that any miscalculation or oversight by Plaintiff in failing to contact the Browns and speak with them as potential witnesses, if not potential parties as the owners of the motorhome who were present during the incident, before the deadline to add parties does not constitute good cause. See *Moran*, 315 F.R.D. at 680.

The Court finds that Plaintiff has failed to show good cause or that justice requires adding the Browns. Plaintiff has the option of filing a negligence action against the Browns in state court should he desire. For these reasons, Plaintiff's Motion to Amend and to Remand is hereby DENIED.

IT IS SO ORDERED.

DATED this 1st day of February, 2018.

_____
Dee Benson
United States District Judge

5